18 N.J. Super. 131 (1952)
86 A.2d 836
ANTHONY D'URSO, PLAINTIFF,
v.
SAM TRAPANI, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 21, 1952.
Mr. Russell A. Riley (Mr. Joseph Schoenholz, appearing), attorney for the plaintiff.
Messrs. Stein & Feinseth (Mr. Louis Feinseth, appearing), attorneys for the defendant.
*132 CONLON, J.C.C.
This case arises out of a contract wherein the plaintiff, the owner of certain premises, engaged the defendant to make alterations. The plaintiff sued for damages as a result of the defendant's failure to complete the job, and the defendant counterclaimed on the basis that money was due and owing him.
The litigation proceeded to the point of trial at which time both parties appeared before the court through their attorneys and requested that the matter be arbitrated in lieu of proceeding with trial by jury because the latter would involve an expensive and protracted litigation. This suggestion culminated in an order which was presented to the court with the concurrence of the parties. The verbiage contained in the order indicates that an arbitration was intended rather than reference. The following are excerpts:
"This matter being opened to the Court * * * and it further appearing that the parties, by their respective attorneys, have agreed to submit all matters in difference between them to arbitration and that their said submission shall be made an order of this Court, and the parties having so stipulated in open Court, and good cause appearing therefore,
It is, on this 13th day of April, 1951 ORDERED that all matters in difference between the parties hereto be submitted and concluded by the award and determination of Hon. Alfred A. Clapp, to whom this matter is hereby referred for hearing and determination, and * * *.
It is further ORDERED that the cost of arbitration abide the event."
The matter comes before the court on defendant's motion to affirm the master's award and to enter judgment accordingly. Plaintiff moves to vacate the award upon four grounds, namely, that "the arbitrator refused to hear evidence offered by the plaintiff, relevant, competent and material to the controversy; the arbitrator permitted plain and palpable errors in law and in fact; the award is contrary to the weight of the evidence; the award is excessive." During the oral argument of the motion the plaintiff did not discuss these grounds but took the position that the order in question *133 directed an arbitration without there being any statutory sanction for such a proceeding where a matter is in suit, and further that the master was not an arbitrator but merely a referee, and consequently that his findings are controlled by Rule 3:53-5(c) which provides in effect that the referee's findings are a proceeding ancillary to a jury trial and "may be read to the jury." The plaintiff contends that he is entitled to a jury trial on the issues presented.
The plaintiff in his argument projects the proposition that proceedings or arbitration where suit is pending have been eliminated by statutory repeal and therefore have no longer judicial sanction. It is unnecessary to review the arguments in this respect since both sides have failed to consider the import of Rule 3:53-5(d) which provides as follows:
"The effect of a master's report is the same whether or not the parties have consented to the reference (in this case they did); but, when the parties stipulate that a master's findings of fact shall be final, only questions of law arising upon the report shall thereafter be considered."
Without deciding  since it is unnecessary in view of the situation presented  that the consent order presented to the court may have erroneously labelled the reference as an "arbitration," it is clear that both parties agreed to abide by the master's findings in lieu of a protracted and expensive trial. Hence they are both bound by Rule 3:53-5(d) above quoted and the master's findings are determined to be final.
There being no questions raised as to the conduct and propriety of the proceedings before the master it follows that judgment should be entered in accordance with the findings of the master. However, before doing that the court will afford the plaintiff an opportunity to present as objections to the master's report the questions of law which he desires the court to consider. This may be done by notice of motion specifically indicating such questions. Unless such a notice is served within 20 days hereof the order for judgment will be entered in accordance with the master's findings.